JOHN M. McCOY III, Cal. Bar No. 166244
E-mail: mccoyj@sec.gov
MARC J. BLAU, Cal. Bar No. 198162
E-mail: blaum@sec.gov
DAVID S. BROWN, Cal. Bar No. 134569
E-mail: browndav@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036-3648
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

FILED
CLERK, U.S. DISTRICT COURT
APR 13 2009
CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>FINBAR SECURITIES CORP., and ROBERT TRINGHAM,<br><br>Defendants. | Case No. CV 09-2325 ODW(VBKx)<br><br>[PROPOSED] PRELIMINARY INJUNCTION AND ORDERS:<br>(1) FREEZING ASSETS;<br>(2) APPOINTING A PERMANENT RECEIVER;<br>(3) REQUIRING ACCOUNTINGS;<br>(4) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (5) EXPEDITING DISCOVERY |

This matter came to be heard upon Plaintiff Securities and Exchange Commission's ("Commission") *Ex Parte* Application For A Temporary Restraining Order and Orders: (1) Freezing Assets, (2) Appointing A Temporary Receiver, (3) Prohibiting The Destruction Of Documents, (4) Granting Expedited Discovery, and (5) Requiring Accountings; and Order To Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver (the "Application"). On April 13, 2009, the Court granted the Commission's Application and ordered the defendants to show cause, if there be any, why a preliminary injunction should not be granted in accordance with the complaint filed by the Commission.

The Court, having considered the Commission's Complaint, the Application, the supporting Memorandum of Points and Authorities, Declarations and Exhibits, and all other evidence and argument presented regarding the Application, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. Good cause exists to believe that defendants Finbar Securities Corp. ("Finbar") and Robert Tringham ("Tringham") (collectively, "Defendants"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), Sections 10(b) and 15(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78o(a), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and (2).

C. The Commission has demonstrated a probability of success on the merits and the possibility of dissipation of assets.

D. Good cause exists to believe that Defendants will continue to engage

in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

## I.

IT IS HEREBY ORDERED that the Commission's Application For A Preliminary Injunction and Orders: (1) Freezing Assets, (2) Appointing A Permanent Receiver, (3) Prohibiting The Destruction Of Documents, (4) Granting Expedited Discovery, and (5) Requiring Accountings is hereby GRANTED.

## II.

IT IS FURTHER ORDERED that Defendants Finbar, and Tringham, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## III.

IT IS FURTHER ORDERED that Defendants Finbar, and Tringham, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive

actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    C.    engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## IV.

IT IS FURTHER ORDERED that defendants Finbar and Tringham, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, by the use of the mails or means and instrumentalities of interstate commerce:

    a.    employing devices, schemes and artifices to defraud clients or prospective clients; or

    b.    engaging in transactions, practices, and courses of business which operate as a fraud or deceit upon clients or prospective clients

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and (2).

3

**V.**

IT IS FURTHER ORDERED that defendants Finbar and Tringham, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, by use of the mails or means or instrumentalities of interstate commerce effecting transactions in, inducing or attempting to induce, the purchase or sale of securities, without being registered as a broker or dealer in accordance with Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a).

**VI.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Finbar, and Tringham, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly:

    A.    transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, wherever located, of defendants Finbar and Tringham, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them; and

    B.    transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to, any investment contracts or other securities of defendant Finbar, or any of its subsidiaries or affiliates.

4

## VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution, brokerage firm, or Internet or "e-currency" payment processor, all certificates of deposit, and other funds or assets, such as personal or real property, held in the name of, for the benefit of, or over which account authority is held by Defendants Finbar, and/or Tringham or any trust, partnership, joint venture, person or entity affiliated with any of them (including subsidiaries), including but not limited to the following accounts:

| Bank Name | Account Name | Account No. |
|---|---|---|
| Banc of America Investment Services, Inc. | Robert Tringham | W78-278440 |
| Banc of America Investment Services, Inc. | Finbar Holdings, Inc. | W78-278483 |
| Bank of America | Robert Tringham | 1173005052 |
| Bank of America | Finbar Asia Philippines, Inc. | 1173441218 |
| Bank of America | Finbar Securities Corp. | 1173741283 |
| Bank of America | Robert Tringham | 1173867315 |
| Citibank | Finbar Securities Corp. | 40611172 |
| Citibank | Robert Tringham | 40019561873 |
| Credit Suisse/UBS | Robert Tringham | unknown |
| JP Morgan Chase | Robert Tringham | unknown |
| Morgan Stanley | Finbar Securities Corp. | 255050034 |
| National Financial Services | Robert Tringham/First National Bancorp | M03-002704 |

5

| | | |
|---|---|---|
| Penson Financial Services | Finbar Security Corp. | 11264520 |
| Union Bank of California | Finbar Securities Corp. | 720112906 |
| Union Bank of California | Finbar Asia Philippines, Inc. | 5721026457 |
| Union Bank of California | Finbar Asia Philippines, Inc. | 5721026465 |
| Union Bank of California | Swiss Global Connect USA, Inc. | 5720003718 |
| Union Bank of California | Swiss Global Connect USA, Inc. | 5721025384 |
| Wells Fargo Bank | Robert Tringham | 937-2200981 |
| Windham Securities | Swiss Global Connect USA | unknown |
| East West Bank | Robert Tringham | 22714984 *over* 22714992 *#10,000* ✓ |

## VIII.

IT IS FURTHER ORDERED that Robb Evans & Associates, LLC is appointed as permanent receiver of Finbar, and its subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Finbar, and its subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Finbar, and its subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such Finbar property, and that of its

| | | |
|---|---|---|
| 1 | Penson Financial Services | Finbar Security Corp. | 11264520 |
| 2 | Union Bank of California | Finbar Securities Corp. | 720112906 |
| 3 | Union Bank of California | Finbar Asia Philippines, Inc. | 5721026457 |
| 4 | Union Bank of California | Finbar Asia Philippines, Inc. | 5721026465 |
| 5–6 | Union Bank of California | Swiss Global Connect USA, Inc. | 5720003718 |
| 7–8 | Union Bank of California | Swiss Global Connect USA, Inc. | 5721025384 |
| 9 | Wells Fargo Bank | Robert Tringham | 937-2200981 |
| 10 | Windham Securities | Swiss Global Connect USA | unknown |
| 11 | East West Bank | Robert Tringham | 22714984 *over* 22714992 *#10,000* ✓ |

## VIII.

IT IS FURTHER ORDERED that Robb Evans & Associates, LLC is appointed as permanent receiver of Finbar, and its subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Finbar, and its subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Finbar, and its subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such Finbar property, and that of its

        subsidiaries and affiliates, at 100 N. Barranca Street, 7th and 8th Floors, West Covina, California 91791);

B.   to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any assets or funds of Finbar, and its subsidiaries and affiliates, or which maintains accounts over which Finbar, and its subsidiaries and affiliates, and/or any of their employees or agents have signatory authority;

C.   to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Finbar, and its subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D.   to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by Finbar, and its subsidiaries and affiliates;

E.   to make an accounting, as soon as practicable, to this Court, the Commission, and any interested government agencies, of the assets and financial condition of Finbar, and to file the accounting with the Court and deliver copies thereof to all parties;

F.   to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as permanent receiver;

G.  to employ attorneys, accountants, and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of Finbar, and its subsidiaries and affiliates;

H.  to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of his or her duties as permanent receiver;

I.  to operate and control the content of information posted on Finbar's Internet web sites, www.finbarsecurities.com, and www.finbarasia.com; and

J.  to exercise all of the lawful powers of Finbar and its officers, directors, employees, representatives, or persons who exercise similar powers and perform similar duties.

## IX.

IT IS FURTHER ORDERED that defendants Finbar and Tringham, their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the permanent receiver.

## X.

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of Finbar and/or Tringham shall take any action or purport to take any action, in the name of or on behalf of Finbar without the written consent of the permanent receiver or order of this Court.

## XI.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Finbar and Tringham, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

A. commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them;

B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Finbar; and

C. doing any act or thing whatsoever to interfere with taking control, possession or management by the permanent receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Finbar, or in any way to interfere with or harass the permanent receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the permanent receiver's duties and responsibilities hereunder.

## XII.

IT IS FURTHER ORDERED that defendants Finbar and Tringham, and their subsidiaries, affiliates, officers, agents, servants, employees, and attorneys, shall cooperate with and assist the permanent receiver and shall take no action,

directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees, or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

### XIII.

IT IS FURTHER ORDERED that defendants Finbar and Tringham, and their subsidiaries and affiliates, shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

### XIV.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his or her duties and responsibilities.

### XV.

IT IS FURTHER ORDERED that representatives of the Commission are

authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Finbar, and their subsidiaries and affiliates, and continuing access to inspect their funds, property, assets and collateral, wherever located.

### XVI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Finbar, and Tringham, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Tringham and Finbar and their subsidiaries and affiliates.

### XVII.

IT IS FURTHER ORDERED that the Commission's application for expedited discovery be and hereby is granted and that the Commission may take depositions of defendants and non-parties upon oral examination subject to two calendar days notice pursuant to Rules 30(a) and 45 of the Federal Rules of Civil Procedure, that the Commission may take more than one deposition at the same time, that depositions of the defendants may be taken on any day, including Saturdays, Sundays, and holidays subject to two calendar days notice, including notice given personally, by facsimile or by electronic mail, and the Commission may take more than ten depositions.

### XVIII.

IT IS FURTHER ORDERED that Defendants Finbar, and Tringham shall, within five days of the date of issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of all assets of Finbar, and Tringham, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures, Internet payment processor, and other accounts identified by institution, branch address and account number. The accountings shall include a description of the source(s) of all such assets. Such accountings shall be filed with the Court and copies shall be delivered to the attention of John M. McCoy III at the Commission's Los Angeles Regional Office located at 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036. After completion of the accountings, Finbar, and Tringham shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying the accountings.

### XIX.

IT IS FURTHER ORDERED that defendants Finbar and Tringham, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, including the other entities in receivership, shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the permanent receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or personal digital assistants ("PDA") owned and/or used by them in connection with their business. In the case of defendant Tringham, he shall, within 24 hours of the issuance of this Order, prepare and deliver to the permanent receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or PDA's owned, controlled or used by him for any purpose. The schedules required by this section shall include at a minimum the make, model and description of each computer and/or PDA, along with its location, the name of the person primarily assigned to use the computer and/or PDA, all passwords necessary to access the

computer and/or PDA, and all passwords necessary to access and use the software contained on the computer and/or PDA. The permanent receiver shall be authorized to make an electronic, digital or hard copy of all of the data contained on the computers and/or PDAs.

## XX.

IT IS FURTHER ORDERED that defendants Finbar and Tringham, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates shall, within 24 hours of the issuance of this Order, cause to be prepared and delivered to the permanent receiver a detailed and complete schedule of all passwords, usernames, identification numbers and similar information for all web sites, email accounts, and all accounts at any bank, financial institution or brokerage firm operated by or to which Defendants Tringham and/or Finbar has access.

## XXI.

IT IS FURTHER ORDERED that, within ten days from the date of this Order, that Defendants, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, shall transfer to the registry of this Court all assets, funds, and other property held in foreign locations in the name of Finbar or Trignham, or for the benefit or under the direct or indirect control of any of them, or over which any of them exercise control or signatory authority.

///
///

## XXI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED: April 13, 2009

TIME: 2:15 o'clock p..m.

HONORABLE OTIS D. WIGHT II
UNITED STATES DISTRICT JUDGE

Presented by:

Marc J. Blau
David S. Brown
John M. McCoy
Attorneys for Plaintiff
Securities and Exchange Commission

14