JOHN M. McCOY III, Cal. Bar No. 166244
E-mail: mccoyj@sec.gov
MARC J. BLAU, Cal. Bar No. 198162
E-mail: blaum@sec.gov
DAVID S. BROWN, Cal. Bar No. 134569
E-mail: browndav@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>    vs.<br><br>FINBAR SECURIITIES CORP., and ROBERT TRINGHAM,<br><br>              Defendants. | Case No. CV 09-2325 ODW (VBKx)<br><br>**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT FINBAR SECURITIES CORP.** |

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint and Defendants Finbar Securities Corp. ("Finbar") (collectively "Return Fund Relief Defendants")[1] having entered a general appearance; consented to the Court's jurisdiction over Finbar and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

---

[1] On April 13, 2009, the Court appointed Robb Evans & Associates, LLC (the "Receiver") as Permanent Receiver for Defendant Finbar with full power and authority over this entity.

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Finbar and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment of Permanent Injunction and Other Relief ("Judgment") by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    C.    engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Finbar and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    A.    employing any device, scheme, or artifice to defraud;

    B.    making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not

    misleading; or

 C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Finbar and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from, directly or indirectly, violating by the use of the mails or means and instrumentalities of interstate commerce:

 a. employing devices, schemes and artifices to defraud clients or prospective clients; or

 b. engaging in transactions, practices, and courses of business which operate as a fraud or deceit upon clients or prospective clients

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and (2).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Finbar shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. §80B-9(e)] and will disgorge any consideration obtained from Finbar.  Such disgorgement shall be paid to the Receiver for distribution according to a Court-approved plan for distribution.  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the

Commission. Prejudgment interest shall be calculated from July 31, 2007, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

## V.

In connection with the Commission's motion(s) for disgorgement and/or civil penalties and at any hearing held on such motion: (a) Finbar will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Finbar may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement, civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Finbar shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that except as expressly modified herein, all prior orders of the Court issued in this action, including without limitation the Preliminary Injunction and Orders: (1) Freezing Assets; (2) Appointing a Permanent Receiver; (3) Requiring Accountings; (4) Prohibiting the Destruction of Documents; and (5) Expediting Discovery, and the asset freeze and receivership provisions set forth therein, shall remain in full force

and effect.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated:   June 12, 2009

_____
Honorable Otis D. Wright II
United States District Judge