# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>FINBAR SECURITIES CORP., and ROBERT TRINGHAM,<br><br>　　　　Defendants. | Case No. CV 09-2325 ODW(VBKx)<br><br>**JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST ROBERT TRINGHAM** |

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Robert Tringham ("Tringham") having entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Judgment of Permanent Injunction And other Relief ("Judgment") without admitting or denying the allegations of the operative Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Tringham and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Tringham and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined

from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Tringham and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment Advisors Act of 1940 (the "Advisors Act") [15 U.S.C. §§ 80b-6(1) and (2)], directly or indirectly, by the use of the mails or means and instrumentalities of interstate commerce:

    a.    with scienter, employed and are employing devices, schemes and artifices to defraud clients or prospective clients; or

    b.    engaged in and are engaged in transactions, practices, and courses of business which operated as a fraud or deceit upon clients or prospective clients.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Tringham and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final

1  Judgment by personal service or otherwise are permanently restrained and enjoined
2  from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)], directly or
3  indirectly, made use of the mails or means or instrumentalities of interstate
4  commerce to effect transactions in, or to induce or attempt to induce, the purchase
5  or sale of securities, without being registered as a broker or dealer

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Tringham shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3), and Section 209(e) of the Advisers Act, 15 U.S.C. § 80b-9(e).  The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from January 1, 2006, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

## VI.

In connection with the Commission's motion(s) for disgorgement and/or civil penalties and at any hearing held on such motion: (a) Tringham will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Tringham may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

|   |   |
|---|---|
| 1 | VII. |
| 2 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the |
| 3 | Consent is incorporated herein with the same force and effect as if fully set forth |
| 4 | herein, and that Tringham shall comply with all of the undertakings and |
| 5 | agreements set forth therein. |
| 6 | VIII. |
| 7 | IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this |
| 8 | Court shall retain jurisdiction of this matter for the purposes of enforcing the terms |
| 9 | of this Judgment. |
| 10 | IX. |
| 11 | There being no just reason for delay, pursuant to Rule 54(b) of the Federal |
| 12 | Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and |
| 13 | without further notice. |

Dated: May 11, 2010

_____
OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE